FILED
United States Court of Appeals
Tenth Circuit

May 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLANA GENEVA TURNER,

      Plaintiff-Appellant,

v.

THE CITY OF TULSA,

      Defendant-Appellee.

No. 12-5133
(D.C. No. 4:11-CV-00606-CVE-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

In this employment discrimination case, Dr. Willana Geneva Turner appeals

from a district court order that entered judgment on the pleadings in favor of the City

of Tulsa, Oklahoma. We have jurisdiction under 28 U.S.C. § 1291, and affirm for

substantially the same reasons identified by the district court.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Dr. Turner, an African-American female, was the director of the City of Tulsa's human-rights department. In 2010, Ms. Turner was responsible for preparing "a HUD 5-year action plan." Aplt. App. at 8. On the deadline for the plan's submission, it was "was incomplete, but reparable." *Id.*

During a meeting with her supervisor, Jim Twombly, "regarding the plan's shortcomings," Dr. Turner "felt she was being discriminated against due to her sex and race." *Id.* at 9. Consequently, she filed a grievance with the human resources department, claiming that Mr. Twombly had "created a hostile work environment as a result of his racial and sexual discrimination towards her." *Id.* An investigation into the matter revealed no evidence of discrimination. Soon thereafter, Mr. Twombly recommended that she be disciplined for her preparation of the incomplete HUD plan, and she was ultimately suspended by the City without pay for five days.

Dr. Turner sued the City under 42 U.S.C. §§ 1981, 1981(a), and 1983, alleging that it "has allowed a policy wrongfully retaliating against city employees," *id.* at 13, and that "Jim Twombly was acting as a policy-maker for the City of Tulsa," *id.* at 7. The City filed an answer and later moved to dismiss the complaint for failure to state a claim for relief, arguing, among other things, that Mr. Twombly lacked final policymaking authority under the 1989 Amended Charter of the City of Tulsa. Attached as an exhibit to the motion was a copy of the charter, which establishes a civil service commission to promulgate rules and regulations governing employee

- 2 -

discipline. Those rules and regulations must then be approved by the city council. Further, the charter specifies that any decisions regarding employee discipline are reviewable by the commission. Dr. Turner filed an opposition to the motion to dismiss, but did not address the City's arguments concerning the charter, and instead clarified that she was not pursuing a Title VII claim.

The district court construed the City's motion as seeking judgment on the pleadings, given that an answer had already been filed, *see* Fed. R. Civ. P. 12(b) & (c), and it granted the motion, concluding that Dr. Turner had failed to adequately plead that "the alleged constitutional deprivation occurred pursuant to an official policy or custom, or was the result of actions taken by an official with final policymaking authority." Aplt. App. at 128. In doing so, the district court took judicial notice of the City's charter and pointed out that Dr. Turner had neither (1) "identified a specific official policy, adopted and promulgated by the City, that allowed for the alleged constitutional violations," *id.* at 123; nor (2) responded to the City's argument "that the City Charter unambiguously shows that [Mr.] Twombly was not the final policymaker regarding discipline of employees," *id.* at 125.

## DISCUSSION

"We review a district court's grant of a motion for judgment on the pleadings *de novo*, using the same standard that applies to a Rule 12(b)(6) motion." *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). "[W]e accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the

pleadings in favor of the same." *Id.* A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (quotation omitted).

"[I]n order for municipal liability to arise under section 1981, [the plaintiff] must demonstrate that the City's officials retaliated against her pursuant to a custom or policy of retaliation." *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (quotation omitted). Section 1983 provides the vehicle to pursue such claims. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1134 (10th Cir. 2006).

> A municipal policy or custom may take the form of (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (brackets and quotations omitted).

Dr. Turner does not address the district court's determinations concerning municipal liability. Any challenge to those determinations is, therefore, waived. *See Therrien v. Target Corp.*, 617 F.3d 1242, 1253 (10th Cir. 2010) ("[F]ailure to raise an argument sufficiently in the opening brief waives that argument.").

- 4 -

Rather, Dr. Turner argues that the district court erred in considering the City's charter without giving her notice and converting the motion to dismiss into one for summary judgment. But, as the district court recognized, a court may take judicial notice of a city charter, *see Melton v. City of Okla. City*, 879 F.2d 706, 724 (10th Cir. 1989), "without converting a motion to dismiss into a motion for summary judgment," *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004). Moreover, Dr. Turner had notice that the City was relying on its charter, yet she did not object or request that the motion to dismiss be converted into one for summary judgment.

Accordingly, we AFFIRM for substantially the same reasons given by the district court in its June 15, 2012 Opinion and Order granting judgment on the pleadings to the City.

Entered for the Court


Mary Beck Briscoe
Chief Judge